UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CAROLYN EDWARDS | CIVIL ACTION NO. 08-cv-0851 |
| VERSUS | JUDGE JAMES |
| FORD MOTOR CO., ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Plaintiff filed this suit in state court against Ford Motor Company. Plaintiff alleged that she was injured because the air bags in her car did not deploy during a collision. Ford removed the case based on an assertion of diversity jurisdiction.

Plaintiff, after the case was removed, filed a Motion for Leave to Add Additional Defendant (Doc. 15) by which she proposed to add as a defendant the State of Louisiana, through its Department of Transportation and Development. Plaintiff's proposed amended complaint would allege that the collision was originally caused by a pothole in the highway, for which she faults the DOTD. The motion states that Ford has no objection to adding the DOTD, but that Ford wishes to maintain its right to oppose any related motion to remand. Plaintiff did in fact file a Motion to Remand (Doc. 13) on the grounds that the addition of the DOTD would destroy diversity.

The court then issued a Memorandum Order (Doc. 21) and explained that the motion to amend and the motion to remand go hand in hand. If the amendment is granted and the non-diverse defendant is added, diversity is then destroyed so that the case must be

remanded. Accordingly, the court permitted Ford until September 8, 2008 to file a memorandum in opposition to both pending motions.

The parties were advised that when a plaintiff attempts to add a non-diverse defendant post-removal, the court's decision on whether to permit the amendment and order remand is guided by the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). See also Cobb v. Delta Exports, Inc., 186 F.3d 675, 678-79 (5th Cir. 1999) and Penny Realty Inc. v. Southwest Capital Services, Inc., 2008 WL 2169437 (W.D. La. 2008). The parties were directed to address the Hensgens factors, as they apply to this case, in their memoranda.

The September 8, 2008 deadline passed without any filing by Ford. Because Ford had stated an intention to oppose the motion to remand, court staff contacted counsel for Ford to confirm that Ford did not intend to file opposition to the motions. Counsel replied that a misunderstanding of the prior order and hurricane-related problems had caused him to miss the deadline for filing opposition. He asked if an extension until September 19, 2008 would be permissible, and a staff member advised that such an extension would likely be granted, but a formal motion (including whether counsel for Plaintiff opposed the extension) would need to be filed.

The September 19 date suggested by counsel has passed, but Ford has not filed any motion for extension of time or memorandum in opposition. Turning to the Hensgens factors, the proposed amendment comes rather early in this case that was just removed in June 2008, and in which a scheduling order has not yet issued. The proposed new allegations

against the State present a colorable claim of the sort often alleged in traffic accidents, and there is nothing in the record to suggest that Plaintiff seeks the amendment to destroy federal jurisdiction as opposed to presenting a meritorious claim. Based on the assessment of the relevant factors, and considering the lack of timely opposition, it is the opinion of the undersigned that the best exercise of the court's discretion is to permit the amendment, which mandates a remand for lack of diversity jurisdiction.

Accordingly, subject to the stay set forth in the accompanying order, the Motion for Leave to Add Additional Defendant (Doc. 15) and Motion to Remand (Doc. 13) are **granted**, and this case will be **remanded**, for lack of subject matter jurisdiction, to the Second Judicial District Court, Jackson Parish, Louisiana.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of September, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE